JUAN LORENZO FRATICELLI, Plaintiff and Appellee, *v.* HIGINIO GUTIÉRREZ, Defendant and Appellant.

No. 8981. Argued November 13, 1944.—Decided December 5, 1944.

Ramón G. Goyco for appellant. Fernando Zapater and J. Otero Suro for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The plaintiff and appellee seeks the dismissal of this appeal on the ground that the same is entirely frivolous.

 From the record it appears that this is an action of unlawful detainer instituted by the plaintiff pursuant to the procedure established by §§ 8, 9, 10, 11, and 16 of Act No. 76 approved May 4, 1941 (Laws of 1931, p. 466), to regulate share-cropping contracts, and that therein that part of § 16 which we quote was strictly complied with:

"In case the landholder demands of the cropper the vacation of the property before the expiration of this term, the parties, or either of them, may refer the matter to the Commissioner of Labor and the Commissioner of Agriculture and Commerce. The decision of said Commissioners rendered after an investigation of the facts and hearing of the interested parties, shall be final, and binding on the parties; . . ."

With the intervention of the defendant the experts appointed by the Commissioner of Labor and by the Commissioner of Agriculture and Commerce assessed the fruits, products, and buildings of the defendant in the sum of $423.06, and the plaintiff deposited said sum in the Department of Labor in favor of the defendant who refused to accept the same.

The sole defense set up by the defendant against the action of unlawful detainer is to the effect that the experts in this case should have been appointed by the lower court according to § 18 of the Unlawful Detainer Act. This court has already decided appellant's contention to the contrary. In *Alonso v. Nieves*, 50 P.R.R. 678, 680, we said:

"A cropper is not a tenant at will and Section 18 of the law regulating proceedings for unlawful detainer (Code of Civil Procedure, 1933 edition, Section 637) can not be successfully invoked in a case of this kind. The grounds upon which an action for unlawful detainer may be brought against a cropper and the procedure to be followed in such an action are prescribed by Sections 9 and 10 of the Law of 1931, *supra*."

In a subsequent appeal between the same parties *Alonso* v. *Nieves,* 52 P.R.R. 191, and 52 P.R.R. 759, we held that in accordance with § 11 of Act No. 76 of 1931,[1] the landholder has a right to bring an action of unlawful detainer against the cropper, provided that his complaint shows that the following requisites have been complied with:

"1. That demand was made on the cropper to vacate the property within the period fixed by the landholder.

"2. That the landlord paid to the sharecropper when requiring him to vacate the property, the damages which might be caused to him, together with the value of his share in the growing crops; or that on or before the date of making such demand, the landlord posted good and sufficient bond in favor of the sharecropper to secure to the latter the payment of such damages and of the value of his share in the growing crops.

"3. That the cropper was required to agree to the appointment of experts for the appraisal of the crops.

"4. That although the preceding requirements were complied with, the cropper has refused to vacate the property."

Although it is true that in the case at bar it was not alleged in the complaint that the third requisite had been complied with, it is no less true that it was expressly alleged that § 16 had been complied with, and that pursuant to its provisions experts had been appointed by the Commissioner of Labor and by the Commissioner of Agriculture and Commerce, who, with defendant's intervention, made the appraisal and rendered a decision which according to said Section "shall be final, and binding on the parties." This Section was not given consideration in the second case of *Alonso* v. *Nieves, supra,* because the procedure established thereby was not followed in said case. However, since in the case at

---

[1] "Section 11.—The landholder may demand of the cropper that he vacate the property before the expiration of the contract or before the time established in section 3 of this Act; but in that case the former shall be obliged to compensate the latter for any damages suffered, and also to pay him such proportionate part of the crops planted as may belong to the said cropper, in accordance with an appraisal by experts appointed for the purpose."

bar the requisites provided by § 16, *supra,* have been complied with, and inasmuch as § 18 of the Unlawful Detainer Act is not applicable herein, it is obvious that the appeal is frivolous and the same is hereby dismissed.